JAMES J. BEGLIN, as Administrator of CATHERINE L. BEGLIN,
Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY,
Respondent.

EVIDENCE — LIFE INSURANCE — RECORD OF BOARD OF HEALTH INAD-
MISSIBLE TO SHOW CAUSE OF DEATH.   The general statute requiring the
registration of vital statistics and making the record *prima facie* evidence
of the facts therein set forth (L. 1885, ch. 270, § 3, subd. 5) applies to
questions arising under its provisions so far as they involve public rights,
but does not change the common-law rule of evidence in controversies of
private parties growing out of contracts; therefore, a copy of a record of
a city board of health embodying vital statistics cannot be proved in an
action upon a life insurance policy for the purpose of showing that a
material statement made by an applicant for insurance as to the cause of
her mother's death was false.

*Beglin* v. *Met. Life Ins. Co.,* 57 App. Div. 629, reversed.

(Argued January 30, 1903; decided February 10, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered Jan-
uary 15, 1901, affirming a judgment in favor of defendant
entered upon a dismissal of the complaint by the court at a
Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Harold D. Alexander* for appellant.   The court erred in
holding admissible the board of health record of the cause of
Esther Horan's death. (Code Civ. Pro. § 834; *Davis* v.
*Supreme Lodge,* 165 N. Y. 159; *Pease Co.* v. *Kesler,* 21
App. Div. 631; *Lawlor* v. *French,* 14 Misc. Rep. 497; *Weber*
v. *Railway,* 12 App. Div. 512; *Robinson* v. *Sup. Com.,* 38
Misc. Rep. 104.)

*John De Witt Peltz* for respondent.   The admission in evi-
dence of the certified copy of the registered record of the
board of health of the city of Albany, which proved, without
contradiction, that the mother of the insured had and died of

consumption was proper. (*Hoyt* v. *Hoyt*, 112 N. Y. 493; *Stevens* v. *Brennan*, 79 N. Y. 254, 259; *Foley* v. *Royal Arcanum*, 151 N. Y. 204; *Woolsey* v. *Trustees of Ellenville*, 84 Hun, 236; 155 N. Y. 573; *Markowitz* v. *D. D., etc., Co.*, 12 Misc. Rep. 412; *Keefe* v. *Supreme Council*, 37 App. Div. 276; *People* v. *Denison*, 17 Wend. 312; *People* v. *Gray*, 25 Wend. 465; *Jacobi* v. *Order*, 73 Hun, 602; 1 Kent's Comm. [13th ed.] 448; *Van Bergen* v. *Bradley*, 36 N. Y. 316.)

HAIGHT, J.    This action was brought to recover on a policy of insurance issued by the United States Industrial Company on the life of Catherine T. Beglin, and assumed by the defendant according to its terms. The policy was issued on the 10th day of April, 1897, and Catherine T. Beglin died on the 12th day of June, 1899.

The written application for insurance contained, among other questions, the following: "Has either parent or any brother or sister died of consumption or any pulmonary or constitutional disease?" To this question the applicant answered in the negative. Under the terms of the application the answers to questions were made warranties, and it is now claimed on behalf of the defendant that the answer made to that question was incorrect and that, therefore, the plaintiff cannot recover.

Upon the trial the defendant offered in evidence a certified copy of the records of the board of health of the city of Albany for the month of January, 1889, and this was followed by an offer of the original record. The receipt of these records was objected to upon the ground that they were hearsay. The objection was overruled and an exception was taken. The records were to the effect that Esther Horan, who was the mother of Catherine T. Beglin, died in the city of Albany on the 2d day of January, 1889, and that the chief cause of death was phthisis pulmonalis. This was the only testimony given as to the cause of death of the mother of the petitioner. Upon the trial the court found as a fact that the

mother of Catherine T. Beglin died of consumption, and that consequently her administrator could not recover upon the policy of insurance.

A question appears to have arisen in the court below as to whether the general statute relating to public health was in force in the city of Albany, or chapter 297 of the Laws of 1885, which was a local statute. We shall not stop to consider that question, but shall assume that the general statute was in force and that it required a registration of births, marriages and deaths, including the cause of death ; and that this record was made *prima facie* evidence of the facts therein set forth. This statute was a police regulation, required for public purposes and became *prima facie* evidence so far as concerns questions arising under its provisions which involve public rights. But we think it was not the intention of the legislature to change the common law rule of evidence in controversies of private parties growing out of contract, and that the provisions of the statute should not be construed as applicable to such cases. This in effect was what we held in the case of *Davis* v. *Supreme Lodge, Knights of Honor* (165 N. Y. 159); also in *Buffalo Loan, Trust and Safe Deposit Co.* v. *Knights Templar and Masonic Mutual Aid Association* (126 N. Y. 450). The question here presented was elaborately discussed in the *Davis* case and we regard it as controlling upon the question now presented.

It follows that the record was improperly received for the purpose of showing the cause of death, and consequently the judgment of the Appellate Division and that of the trial court should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, CULLEN and WERNER, JJ., concur ; O'BRIEN, J., absent.

Judgment reversed, etc.