WAGNER v. ORDEN ALLEMANIA.

(Supreme Court, Appellate Term. March 23, 1911.)

1. EVIDENCE (§ 334*)—PUBLIC RECORDS—OFFICIAL CERTIFICATES—DEATH.

A beneficiary of a member of a benefit society adopted, as notification and proof of the cause of the member's death, a certificate of the board of health, obtained for him by an official of the society and sent by him to the society's secretary. Held, that the certificate was in effect a certificate offered by the defendant, and that as such it was not competent evidence to prove the cause of the member's death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1266–1272; Dec. Dig. § 334.*]

2. EVIDENCE (§ 215*)—ADMISSIONS—PARTIES OF RECORD—ADMISSION BY BENEFICIARY UNDER BENEFIT CERTIFICATE.

In an action by a beneficiary on a certificate of a benefit society, the plaintiff offered as proof of death of the insured a certificate from the board of health, in which suicide was stated as the cause of death. Held, that the statement in the certificate as to cause of death became an admission against the beneficiary.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Eugene Wagner against the Orden Allemania. From a directed judgment in the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Clarence Alexander, for appellant.
Samuel Ecker, for respondent.

PAGE, J. The plaintiff, as beneficiary of John Wagner, deceased, brought this action to recover $500 from the defendant as a death benefit. John Wagner had, some time prior to his death, attempted to commit suicide, and a charge to that effect was preferred against him

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the lodge of defendant's order of which he was a member, and a committee was appointed to investigate the charge. The committee found the charge true, but on the signing by himself and the plaintiff of agreements that in the event of the suicide of John Wagner they each renounced all claim to benefits which may arise by said death which otherwise would become payable to the plaintiff herein, thereupon John Wagner was reinstated. He died on October 28, 1910, at Bellevue Hospital.

[1] On the trial of the action plaintiff's attorney called Frederick W. E. Engel as a witness (Mr. Engel had acted as undertaker at the funeral of John Wagner, and was also president of the defendant), who testified that he obtained for this plaintiff a certified copy of the proof of death from the board of health, for which service plaintiff paid him 50 cents. Thereupon plaintiff's attorney called upon defendant to produce this copy, and it was offered in evidence; the attorney stating that he offered it for the purpose of showing the fact of the death of John Wagner, which was unneccessary to prove, as it was specifically admitted by the answer. Engel further testified that he sent the certificate to the financial secretary of the order. Plaintiff adopted this as his proof of death, which was required by article 7, subdivision 1, of the by-laws of the defendant. This death certificate contained the statement that the cause of death was: "Suicide. Hemorrhage of medium basilic vein." The only questions in the case arise from the admission in evidence of this certificate. A great deal of time was consumed in the court below upon attempting to solve the question whether Engel was acting as the agent of the plaintiff when he delivered this certificate, or whether he was acting as president of the defendant. As the plaintiff adopted his act, and predicated his demand against the defendant upon this certificate, as due notification and proof of John Wagner's death, according to the defendant's constitution and by-laws, it became immaterial in what capacity Engel was acting when he filed the certificate.

It has been repeatedly held that such a certificate is not competent evidence to prove the cause of death, when it is offered by the defendant. Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 374, 376, 66 N. E. 102, and cases cited. [2] In this case, however, the plaintiff offered the certificate, and relied upon it as his proof of death; for no other proof of death was shown to have been given to defendant, without which plaintiff could not establish his cause of action. Therefore the plaintiff, relying upon this certificate as his proof of death, adopted the statement that suicide was the cause of John Wagner's death, and it became an admission against him. Hanna v. Conn. Mut. Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099. Therefore the learned trial judge erred in directing judgment for the plaintiff; for, if John Wagner committed suicide, under the agreement made by John Wagner and plaintiff, all benefits by reason of his membership in the defendant order had been renounced. As there is to be a new trial of this case, we would suggest to counsel that there must be competent common-law proof of the cause of John Wagner's death, and it should be produced.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.