### HAVHOLM v. WHALE CREEK IRON WORKS.

(Supreme Court, Trial Term, Queens County. December 17, 1913.)

1. MASTER AND SERVANT (§ 286*)—GUARDING MACHINERY—QUESTION FOR JURY.

Whether a saw was guarded as required by Labor Law (Consol. Laws 1909, c. 31) § 81, was for the jury, where a cage was on the machine, but suspended about three feet above the table, and only occasionally used by being pulled down over the saw.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

---

2. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—EVIDENCE—ADMISSI-
BILITY.

In an action against an employer for failure to guard a machine as re-
quired by Labor Law (Consol. Laws 1909, c. 31), the examination made of
the machine by the factory inspector and his records are irrelevant, since
the inspection required is for a public and state purpose only.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–
927, 932; Dec. Dig. § 270.*]

3. EVIDENCE (§ 333*)—RECORDS—ADMISSIBILITY.

Where the law does not require the factory inspector to keep records of
the inspection of machinery, records kept by him for convenience are not,
in and of themselves, admissible to prove the facts stated therein.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1247–1257, 1259–
1265; Dec. Dig. § 333.*]

4. EVIDENCE (§ 471*)—OPINION EVIDENCE.

The reports kept by the factory inspectors of inspections of machinery,
though competent evidence in an action against an employer for failure to
guard a machine, are inadmissible so far as they state a conclusion in-
stead of the facts on the question whether the machine was guarded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec.
Dig. § 471.*]

Action by Peter Leo Havholm against the Whale Creek Iron Works.
Motion for new trial after verdict for defendant. Granted.

See, also, 144 N. Y. Supp. 833.

Almy, Van Gordon, Evans & Kelly, of New York City, for plaintiff.
Joab H. Banton, of New York City, for defendant.

CRANE, J. [1] Whether or not the saw was properly guarded in
accordance with the statute (Labor Law [Consol. Laws 1909, c. 31]
§ 81) was a question for the jury. While a cage was concededly on
the machine, suspended about three feet above the table and occasion-
ally used by being pulled down over the saw, yet its position and in-
frequent use prevented the court from holding as a matter of law that
the employer's duty had been fulfilled. If therefore material incom-
petent evidence was admitted over the plaintiff's objection a new trial
must be granted.

Relying upon King v. Reid, 124 App. Div. 121, 108 N. Y. Supp. 615,
the defendant produced the factory inspector's records, showing ex-
amination of this machine during the year and a report that it was
found to be guarded. The evidence was admitted, but should have
been excluded. King v. Reid, supra, is not an authority for the ad-
mission of such records, and if the opinion intimates their competency,
it is contrary to long-established rulings in this state. Upon an ex-
amination of the record as contained in the appeal book in that case,
it can be read that the defendant testified without objection that his
factory had been examined and no complaints made. Neither the fac-
tory inspector nor his examiners were called as witnesses, nor their
records produced. Upon such testimony alone the Appellate Division
based their remarks and comments as found in the opinion.

Upon an examination of the cases, I have formed the conclusion:

[2] First. The examination made by the factory inspector and his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

records are irrelevant in an action brought by a servant against the employer for failure to guard a machine as required by the Labor Law. In Buffalo Loan, Trust & Safe Deposit Company v. Knights Templar & Mutual Aid Association, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839, it was said, regarding the records of the board of health and the certificate of the attending physician stating the cause of death, that they were police regulations required for local and specific purposes, and were not public records in such sense as to make them evidence between private parties of the facts recorded. While the exclusion of these records was also placed upon the ground that section 834 of the Code of Civil Procedure covered the case (Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 58 N. E. 891), yet the rule in the Buffalo Loan Case was restated in Beglin v. Metropolitan Life Insurance Company, 173 N. Y. 374, 66 N. E. 102:

"This statute was a police regulation, required for public purposes, and became prima facie evidence so far as concerns questions arising under its provisions which involve public rights. But we think it was not the intention of the Legislature to change the common-law rule of evidence in controversies of private parties growing out of contract, and that the provisions of the statute should not be construed as applicable to such cases."

The inspection required of a factory inspector is for a public and state purpose, in an attempt to preserve life, limb, and health, and his act or failure to act can have no relevancy upon the question arising between private parties as to whether a machine has been properly guarded. His opinion cannot be substituted for that of the jury.

In a suit by a wife against an insurance company to recover on a policy insuring the life of her husband, letters of administration were held not to be any evidence of death. Mutual Benefit Life Insurance Co. v. Tisdale, 91 U. S. 238, 23 L. Ed. 314.

[3] Second. Even if it were competent to show that the machine had been inspected, yet the records of that inspection showing the machine to be guarded would be incompetent, as the law does not require the keeping of any such record. However convenient it may be for the factory inspector to keep the cards and check marks returned by his deputies, there is no law requiring such returns to him, and the cards and records, in consequence, are not, in and of themselves, proof of the facts stated therein.

"Where a public officer may be required by law to make a return, and his acts included in the return afterwards become involved in controversy, then it may be used as evidence. But where no return is required by law to be made, the certificate of the officer is not evidence either for himself or in behalf of any other person not using it as an admission against him. The rule upon that subject has been stated to be that, 'where the law has made it the duty of a public officer to make a return of his doings, and has made him responsible for the truth of his return, a return may be evidence.'" Erickson v. Smith, 38 How. Prac. 454–472.

In Wardwell v. Patrick et al., 14 N. Y. Super. Ct. 406, it was held that the indorsement by the deputy sheriff of the delivery of the summons at the office is not evidence of the fact.

"No statute," it was said, "has prescribed the duty of making such an indorsement; and it is upon that ground, and upon the faith of the law that

officers correctly discharge a statutory duty, that the admissibility of such evidence depends."

Wigmore on Evidence, § 1672, says that the tendency of courts is to disapprove rather than favor the admission of reports and inquisitions, unless there be express authority to investigate and report. As applicable to this case, the rule as stated in 17 Cyc. 306, is more limited in this state.

The Erickson Case has frequently been cited as an authority, and never departed from.

[4] Third. But assuming that the cards or reports kept by the factory inspectors were competent evidence, yet this would include only the statement of facts and not opinions. The cards offered in evidence state or indicate that the saw was guarded as required by law. What the nature of the guard was is not stated or described. Whether the machine was properly guarded was a question for the jury, but the inspector's records as contained upon these cards answered this question by stating in effect that the guard was as required. This was an opinion and not a fact, and if such evidence became competent, it would virtually be conclusive upon the jury in all these cases. It was never intended by the statute that the factory inspector should supersede the jury in determining whether the employer had complied with the law.

For the above reasons, the motion for a new trial is granted.