## In re GRECO'S ESTATE.

(Surrogate's Court, Bronx County. April, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟞20—LETTERS OF ADMINISTRATION—
   APPLICATION—BURDEN OF PROOF.

   Where the petition for letters of administration alleged that petitioner was a surviving son of decedent, and petitioner's widow denied such allegation, the burden was on petitioner to prove that he was one of the persons entitled to apply for letters of administration under Code Civ. Proc. §§ 2588, 2590.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 83–105; Dec. Dig. ⬤⟞20.]

2. EXECUTORS AND ADMINISTRATORS ⬤⟞20—LETTERS OF ADMINISTRATION—RE-
   LATIONSHIP OF PETITIONER—SUFFICIENCY OF EVIDENCE.

   Evidence in support of an application for issuance of letters of administration *held* insufficient to sustain the burden resting on petitioner to establish his contention, which was controverted by the widow, that he was a son of decedent.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 83–105; Dec. Dig. ⬤⟞20.]

3. EVIDENCE ⬤⟞351—PEDIGREE—BAPTISMAL RECORD—LETTERS OF ADMINIS-
   TRATION.

   On an application for issuance of letters of administration to one claiming to be the surviving son of decedent, a church record of petitioner's baptism more than 23 years before, which recited that he was adopted, but not according to the civil law, was competent evidence on the question of pedigree.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1388–1397; Dec. Dig. ⬤⟞351.]

Application for letters of administration on the estate of Robert Greco, deceased. Dismissed.

Gustave Frey, of New York City, for petitioner.
William C. Stone, of New York City, for respondent.

SCHULZ, S. The petitioner applied for letters of administration upon the goods, chattels, and credits of the decedent, alleging that the latter left him surviving as his only heirs at law and next of kin a widow and the petitioner, his son. The widow having a prior right to letters of administration (Code Civ. Proc. § 2588), the petition properly prayed for the issuance of a citation to her to show cause why such letters should not be granted to the petitioner (Code Civ. Proc. § 2590). Upon the return of the citation, the widow appeared by counsel and filed objections, in which she set up her prior right to letters of administration on the decedent's estate, and alleged that the petitioner is not the son of the decedent, but that she, the widow, is the sole next of kin of the deceased, that all debts have been paid, that the issuance of letters of administration is unnecessary, and that the value of the estate does not exceed $500.

Section 2588 of the Code of Civil Procedure, above cited, sets forth the persons entitled to letters of administration and also prescribes the order in which such letters of administration shall be granted. If,

however, the person having a prior right and being competent refuses to accept the letters, they may be granted to one whose right is subsequent to that of the person refusing. The respondent, however, raises a question which involves the right of the petitioner, not only to serve, but also to inaugurate the proceeding.

[1, 2] The petitioner applies, not as a creditor, but as a person interested in the estate of the decedent, by reason of the fact that he is the latter's son. If, therefore, he is not the son of the decedent, it follows that under the allegations of his petition he is not one of the persons who may apply for letters. The petition sets forth facts which authorized the issuance of the citation, and the surrogate had a right to assume that they were true, and to issue process accordingly. Code Civ. Proc. § 2546. Now, however, the allegation of kinship in the petition is controverted by answer, objection, and proof, and the application must be denied, unless the court from the evidence can find that the allegations of the petition are true.

The burden of proving that the petitioner is one of the persons entitled to apply for and receive letters of administration is upon the petitioner. He must bring himself within the provisions of the Code sections above cited before the court can entertain his application or grant the relief prayed for. It appears from the testimony, and is undisputed, that the petitioner from his earliest recollections was always treated as a son by the decedent and the respondent; that he bore their family name, was called, and referred to by them in conversation with others as, their son, addressed them as a child does its parents, and lived with them as a member of their family.

Upon this testimony I should unhesitatingly find that the petitioner was a son of the decedent and respondent, but evidence has been introduced explaining these undisputed facts. The respondent testifies positively that the petitioner is not her son. This testimony was objected to, and a motion made to strike it out, on the ground that it was in violation of the provisions of the Code of Civil Procedure, § 829. I am of the opinion, however, that the testimony was not prohibited by the section cited. In addition to her own testimony, however, she showed by the testimony of other persons, some of whom are entirely disinterested, so far as the evidence discloses, that the decedent stated to them that he had obtained the petitioner from a home in Brooklyn. One of the witnesses for the contestant who testified to that effect was a cousin of the decedent, Frank Greco. He was examined as to conversations had with the decedent, and was allowed to testify thereto, over the objection of the petitioner, who claimed that the witness was an interested party, and that his testimony was barred by the Code of Civil Procedure, § 829. The witness would have no interest in the estate of the decedent, which consists of personalty only, under the laws governing the distribution of property in case of intestacy, unless his father predeceased the decedent. Decedent Estate Law, § 98, subd. 3, being Laws of 1909, c. 18, constituting Consol. Laws, c. 13. There is no evidence to show that such is the case.

Counsel for the contestant, however, did not contend that the father of the witness was still alive, but urged only that the witness had no

interest in the estate of the decedent, because the estate did not exceed the sum of $2,000, and he could have no interest unless the estate exceeded the sum of $4,000. I permitted this testimony to be given, stating that I would pass upon its competency when I decided the matter. From the testimony before me I am unable to say whether the party is interested or not, and hence I believe that the testimony was competent. I will state, however, that I have not regarded his testimony in deciding this controversy,. as there is sufficient evidence in my opinion to justify the conclusion which I reach without the testimony of this witness, which, even if not in violation of section 829 of the Code, must nevertheless be considered in the light of his friendly relations with the respondent.

[3] It also appears that in the year 1891 the respondent took the petitioner to a church to be baptized, and there was offered in evidence the church record of such baptism, a translation thereof being as follows:

"July 21, 1891.

"I, the undersigned, have baptized Claudium, born about 1885. From a home in Brooklyn. God parents were Joseph Bianchi and Carmela Saraceni.
"[Signed] Jo. G. Bampini."

In the margin of the record book, alongside of the above, the following appeared:

"Adopted (but not according to the civil law) by Reparato Greco and Carmela Cerbone, of New York."

The respondent objected to the introduction of this record, but I believe that it is competent evidence upon a question of pedigree. Jackson v. King, 5 Cow. 237, 15 Am. Dec. 468; Layton v. Kraft, 111 App. Div. 842, 846, 98 N. Y. Supp. 72; Hartshorn v. Metropolitan L. I. Co., 55 App. Div. 471, 67 N. Y. Supp. 13; Wigm. Ev. §§ 1642, 1643. The record was inscribed upon the register as the result of statements made by the respondent. These statements and the record were both made over 23 years ago, ante litem motam, and I have considered the latter of great weight in deciding whether her testimony, given at this time, is true. It might be argued that at this time there is a temptation for the respondent to deny that there was any relationship between the decedent and the petitioner, because the respondent's share in the estate of the decedent would be seriously affected thereby; but such a temptation did not exist when the record was made. The respondent does not impress me as a woman who would deny her own son, to get a larger share of her husband's at best small estate, and examining her testimony now with the record above referred to, made 23 years ago, and the testimony of the other witnesses produced by her, I cannot escape the conviction that the petitioner is not the son of the decedent and the respondent.

Counsel for the respondent has ably argued in his brief that there is a presumption of legitimacy, and such is undoubtedly the case. The question of legitimacy, however, does not enter into this controversy. The law presumes that the petitioner is a legitimate child, and there is absolutely nothing before me which would justify a finding to the contrary, nor is there any claim made that the petitioner is illegiti-

mate. The law, however, does not indulge in any presumption or speculation as to who are the father and mother of the petitioner.

With all of the testimony before me, I cannot find that the petitioner has sustained the burden which I believe is upon him to show that he is the son of this decedent, and his petition must therefore be dismissed. In arriving at this conclusion I desire to make it clear that it in no way reflects upon the petitioner. From all of the circumstances surrounding his childhood and early youth he was justified in believing that the decedent and the respondent were his parents. For that reason no costs are imposed.

Decreed accordingly.