In the Matter of the Estate of BERTHA SCHIFF, Deceased.

Surrogate's Court, New York County, January 15, 1930.

*Meyers, Goldsmith & Behr*, for the petitioner.

*E. Lloyd Meyer*, for the respondent.

FOLEY, S. This proceeding involves a determination as to whether the petitioner, Henry Schiff, is the natural son of the decedent. The respondent, Sarah Manheimer, a sister of the decedent, was previously appointed administratrix. The present proceeding is brought to revoke her letters. The issues present a difficult situation, not infrequently met in this court, where the surrogate is confronted with conflicting evidence as to the status of a claimant to an estate. The learned opinion of Surrogate FOWLER in *Matter of McGerry* (75 Misc. Rep. 98) accurately portrays the complexity of these problems.

The sister contends that the petitioner is not the natural son of the decedent; that he was taken into the family of the decedent and her husband as an infant and never thereafter legally adopted. The petitioner claims that his status as a son was recognized for a long period of years. The decedent and her husband were married about the year 1879. In 1889 the petitioner first appeared in the marital household. Various relatives have testified that the petitioner was brought into the home under circumstances precluding the inference of his birth by the decedent, and that she never showed signs of pregnancy during the period preceding his advent. Respondent relies principally upon the testimony of one witness, Frank Pitschker. He was employed by the decedent's husband for ten years prior to 1889 and lived in the same dwelling house with them. He testified that there was no indication of the prospective birth of a child to the decedent. He described a conversation which the decedent, her husband, and the latter's brother, Dr. Herman J. Schiff, had with reference to bringing a child into the home; that Mrs. Schiff objected to it, but subsequently the child, then between one and three months old, was brought into the family. His testimony was impaired by his failure of memory on important events

in his own life. No birth certificate has been produced in the proceeding, but the failure to find one of record may be explained by the rather loose statutes and practice then in force compared with the more rigorous provisions of the law now in effect. In answer to the testimony of the collateral relatives of the decedent, the petitioner has shown that he was treated by the decedent and her husband as their child for upwards of thirteen years. After the death of the husband the same course of conduct toward the petitioner was continued by the decedent for twenty-five years until her death. There is no satisfactory testimony in the record that during the period of forty years she made any unequivocal declaration that he was not her natural son. He was recognized by the collateral relatives of husband and wife as their son, including the relatives who have testified against him in this proceeding. His principal reliance is placed upon the sworn statement of the decedent made in a petition for letters of administration in her husband's estate filed in this court on April 10, 1903. She swore that the sole heirs and next of kin of her husband were herself and her son, Henry Schiff, the petitioner here. This solemn declaration made *ante litem motam*, that is, at a time when there was no motive to distort the truth, should, in my opinion, be accorded the greatest weight in the determination of the question here. Indeed, it was made by her against her financial interest, for if he was not a son, her distributive share of the estate would have exceeded the portion given to her by the inclusion of the child as a beneficiary. The petition, of course, was admissible within the pedigree rule of evidence. (*Young* v. *Shulenberg*, 165 N. Y. 385; *Layton* v. *Kraft*, 111 App. Div. 842; *Washington* v. *Bank for Savings*, 171 N. Y. 166; *Matter of Kennedy*, 82 Misc. 214.) This sworn statement of the decedent as to the parentage of the child likewise tends to support the presumption of legitimacy, and the abundant evidence in the proceeding, showing long-continued recognition and treatment of the petitioner as her child.

The documentary evidence of pedigree is entitled to greater consideration than the oral testimony as to circumstances, occurring forty years ago, by witnesses subject to all the frailties of precarious memories. Additional pedigree evidence of a judicial nature is furnished by the record of proceedings in this court in the estate of Dr. Herman J. Schiff, a brother of the decedent's husband. In the doctor's will he bequeathed to the petitioner a legacy of $500, describing him therein as his nephew, and the sworn declaration of the widow of this testator in the official files sets forth his relationship as that of nephew. The will was executed in 1899, and the petition was verified in August, 1905, at a time when there was no motive to

misrepresent the true relationship. Dr. Schiff's statement in his will and his widow's sworn declaration are important because, according to the testimony of the respondent's witness, Pitschker, Dr. Schiff was present at the reception of the child into the decedent's household. The cases cited by the respondent are not applicable to the circumstances here. In those cases the child was concededly born of other parents, or the proof showed that it had been taken from an asylum and the necessary prerequisite of a legal adoption was absent. (*Matter of Huyck*, 49 Misc. 391; *Matter of Kuehn*, 170 N. Y. Supp. 900; *Matter of Greco*, 90 Misc. 241.)

In the face of the sworn declaration of the decedent and the long-continued recognition of the petitioner as her son, it would appear that the testimony offered to destroy his parentage should be strong and irrefragable, particularly where the attempt is made after forty years and after the death of both parents and by relatives who would deprive the son of his inheritance by branding him as probably illegitimate. (*Matter of Meehan*, 150 App. Div. 681.)

As the trier of the facts, with an opportunity of observing the witnesses, I hold that the status of the petitioner as the legitimate child of the decedent has been established. Submit decree revoking letters and holding that the petitioner is the son and sole heir and next of kin of decedent.