In the Matter of the Estate of WALTER BILLINGS, Deceased.

Surrogate's Court, Saratoga County, September 20, 1949.

*Carl L. McMahon* and *Theodore A. Knapp* for George W. Billings, petitioner.

*Edmond N. Amyot* for Isabelle Riley, as administratrix of the estate of Walter Billings, deceased, respondent.

*M. E. Sweeney* for Benjamin Billings, respondent.

TUCK, S. This proceeding was commenced by the filing of a petition by George W. Billings, praying for an order of this court requiring the administratrix Isabelle Riley to show cause why the petitioner should not be included in the record of the court as a distributee of Walter Billings, deceased, and why the administratrix should not render and settle an account of her proceedings as to the proceeds received from a cause of action.

An order to show cause was issued returnable on the 15th day of July, 1949. The matter was adjourned from time to time until the 20th day of September, 1949.

In the proceeding the petitioner has endeavored to establish his right to a share in the estate of Walter Billings, deceased, upon the basis of a claim that he is a son of a brother of the deceased, whose death predeceased that of Walter Billings. A stipulation was entered into admitting as facts:

1. That George Billings, Sr. was a brother of decedent, Walter Billings;

2. That George Billings, Sr. died prior to the death of Walter Billings;

3. That no ceremonial marriage ever was performed between George Billings, Sr. and Esther Horner, mother of George Billings, Jr. (the petitioner).

The only other proof offered on behalf of the petitioner was a transcript of the record of the certificate of birth on file.

Among the questions required to be answered by the form of the certificate was that of legitimacy and in the record the answer to that interrogation was in the affirmative.

After making this proof the petitioner rested. A motion was made to dismiss the proceeding by the respondents and each of the parties filed a memorandum in support of their claims.

Section 391 of the Public Health Law provides that a copy of the record of a birth or death or of any certification of birth, when properly certified by the State Commissioner of Health or persons authorized to act for him, shall be prima facie evidence in all courts and places of the facts therein stated.

Public Health Law expressly authorized the Commissioner of Health to provide certificates of birth to contain such information as the State Commissioner of Health shall prescribe, and the statute further provided that the personal particulars should be obtained from a competent person acquainted with the facts.

The Court of Appeals (*Beglin* v. *Metropolitan Life Ins. Co.*, 173 N. Y. 374) has held that this statute was a " police regulation, required for public purposes and became *prima facie* evidence so far as concerns questions arising under its provisions which involve public rights. But we think it was not the intention of the legislature to change the common-law rule of evidence in controversies of private parties growing out of contract, and that the provisions of the statute should not be construed as applicable to such cases. This in effect was what we held in the case of *Davis* v. *Supreme Lodge, Knights of Honor* (165 N. Y. 159); also in *Buffalo Loan, Trust and Safe Deposit Co.* v. *Knights Templar and Masonic Mutual Aid Association* (126 N. Y. 450)."

The lower courts have uniformly followed this interpretation of the statute.

In *Matter of Strong* (168 Misc. 716) Surrogate FOLEY of New York County, confirmed the opinion of the referee which, among other things, determined that the fact of birth may be established by a birth certificate although such certificate is not admissible to establish parentage.

Upon the uniform trend of the decisions of the courts in respect to the language of section 391 of the Public Health Law the court is compelled to grant the motion of the respondents and dismiss the proceeding.

Submit order accordingly, upon notice.