In the Matter of the Estate of Lillian M. Meyer, Deceased.

Surrogate's Court, New York County, May 24, 1954.

*Joseph T. Arenson* for Public Administrator of County of New York, petitioner.

*James A. Delehanty* for Patrick H. Saunders, cross petitioner.

*Max Greenblatt* for Richard Alexander and another, respondents.

*Vincent Yardum* for Albert M. Levy, respondent.

*Andrew Ferrari* for Blanche M. Florsheim and others, respondents.

COLLINS, S.  In a contested proceeding for the grant of letters of administration, it has been stipulated by the petitioner and cross petitioner that a commission issue to take the testimony of a physician and other witnesses, all of whom reside in another State.  There is objection to such of the proposed interrogatories as seek to elicit information which a physician is forbidden to disclose under section 352 of the Civil Practice Act.

The privilege granted to a patient by section 352 of the Civil Practice Act, extends to an examination before trial.  (*Woernley* v. *Electromatic Typewriters,* 271 N. Y. 228; *Lorde* v. *Guardian Life Ins. Co.,* 252 App. Div. 646.)  The proceeding in aid of

which the examination is to be taken is pending in this court, and hence the rules of evidence applicable to this proceeding are those prescribed by the laws of this State, not those in force where the examination may be held. The purpose of taking the deposition is to procure evidence for use at the hearing, and the exclusion of the testimony on the hearing in this court cannot depend upon the residence of the physician or the place where he attended the patient. It would be illogical to compel disclosure at the examination before trial and to forbid such disclosure at the actual hearing. As the court pertinently observed in *Lorde* v. *Guardian Life Ins. Co.* (*supra*, p. 648): " The plain purpose of the statute would be frustrated if the information acquired by the physician were revealed, as is here suggested, upon an examination without the State. * * * In a word, the statute contemplates that, in the absence of the required waiver, the confidential information be shut off at the source."

Section 354 prescribes the only manner in which the privilege may be waived. Although provision is made for waiver of the privilege by any party in interest in a probate proceeding there is no parallel provision in relation to a proceeding for letters of administration. According to the terms of the statute, the waiver in such case can be made only by the patient or her " personal representatives ". The requisite waiver is lacking here.

It is asserted that most of the interrogatories do not seek information which the physician acquired while attending the decedent in a professional capacity but are designed to elicit facts which he learned from others outside his professional engagement or from observation of facts which any layman is competent to relate. The statutory prohibition " is confined to information acquired in attending a patient in a professional capacity and which is necessary to enable him to act in that capacity. * * * [It] is not intended to prohibit a person from testifying to such ordinary incidents and facts as are plain to the observation of anyone without expert or professional knowledge, and without tacitly or otherwise inviting or receiving confidences by which the incidents and facts are or may be brought to light and obtained." (*Klein* v. *Prudential Ins. Co. of America,* 221 N. Y. 449, 453.) Conversations and transactions with other persons wholly outside the scope of his professional duties in attending the decedent, are not excluded by the statute. Other information not acquired in a professional

capacity is not within the privilege. (*Patten* v. *United Life & Acc. Ins. Assn.*, 133 N. Y. 450, 453; *Klein* v. *Prudential Ins. Co. of America, supra*; *Matter of Strong*, 168 Misc. 716, 725.)

Counsel do not specifically object to particular questions. It is not possible, from a reading of the interrogatories alone, to rule definitely that none of the first eighteen interrogatories, as well as No. 20, can elicit confidential information. It appears to the court that they relate only to permissible matters. The burden of showing that the testimony comes within the statutory prohibition rests upon the party making the objection. (*Griffiths* v. *Metropolitan St. Ry. Co.*, 171 N. Y. 106, 111.) The court will, therefore, rule that such inquiries are proper unless, upon the settlement of the order herein, counsel shall advise the court as to the reason why any of such questions is deemed improper.

Interrogatories 19, 21, 24, 25 and 26 appear to relate to knowledge acquired by the physician in a professional capacity while attending the decedent as a patient. Such matters are within the provision of section 352 and such information cannot be elicited.

It seems anomalous that a physician is forbidden to give testimony identifying one person as the child of his patient, yet the same physician may be compelled by law to certify to the State all of the particulars relating to the birth (Public Health Law, §§ 382, 383), and the State officials are obligated to issue a certified copy to the child, or his representative, and are authorized to reveal all relevant information to others " whenever required for genealogical purposes " (Public Health Law, § 391). It is thus a secret which the physician is required both to reveal and to keep. It has been said elsewhere that the evidence rule and the vital statistics law should be read together and that information available in public records be held to be not within the privilege. (*Life & Casualty Ins. Co.* v. *Walters*, 180 Miss. 384.) However, it has been decided in this State that the statutory declaration as to the evidentiary effect of such certificates (Public Health Law, § 391) is not applicable to private controversies and that the certificate proves only the fact of birth, not parentage, just as a death certificate is admissible to prove the fact of death but not the cause. (*Matter of Billings*, 196 Misc. 141, 143 and cases cited.) And it has been definitively determined that the statutory prohibition is applicable to a physician who certified to the cause of death despite the fact that such certificate is a matter of public record.

(*Buffalo Loan Trust & Safe Deposit Co.* v. *Knights Templar &
Masonic Mut. Aid Assn.*, 126 N. Y. 450, 455; *Robinson* v. *Supreme
Commandery*, 77 App. Div. 215, 219, affd. 177 N. Y. 564.)

The stipulation of counsel provides for the issuance of a commission on interrogatories, or an open commission if the court so directs. In view of the number of witnesses to be examined and the subject of the examinations, it may be advisable to proceed by open commission and if counsel on either side desires an open commission, the order to be entered herein will so provide.

Submit order on notice accordingly.