Samuel Faile, S.
In this proceeding for the issuance of letters of administration by petitioner as the husband of decedent, an alleged son and an alleged daughter of decedent were joined as parties respondent. The alleged son of decedent filed a cross petition challenging the status of petitioner as the husband of decedent, as well as the status of the respondent as a daughter of decedent. By a reply to the cross petition, the alleged daughter of decedent has challenged the status of the cross petitioner as the son of decedent.
The decedent died intestate on January 20, 1954. So far as appears there are no other persons interested in this proceeding, one of the persons to whom decedent was previously married having renounced any right to the issuance of letters of administration. At the hearing held herein, there was introduced into evidence to establish that the cross petitioner named Edward Gonzales was a son of decedent, a birth certificate which established that one Edward Gonzaler was born in New York City on September 3, 1895. In addition thereto there was received in evidence a photo static copy of a baptismal certificate of the Church of the Holy Rosary of 440 East 119th Street in the borough of Manhattan, dated September 12, 1910, reciting the birth of Edward Gonzales on September 3, 1895 to Adolph *60 Gonzales and Martha Herbert. There was also received in evidence a death certificate of the Department of Health of the City of New York indicating that Adolph Gonzales died on August 10, 1924.
On behalf of the alleged daughter of decedent, there was received in evidence a certificate establishing the marriage of Martha Herbert to one Benjamin Bennett on September 30, 1908. The attorneys for the respective parties conceded that the Martha Herbert referred to in the marriage certificate between Benjamin Bennett and Martha Herbert was the same person referred to elsewhere as Catherine Herbert, the decedent herein. A birth certificate dated December 19, 1909 was also received in evidence showing the birth of Ida Marion Bennett on December 13, 1909.
In order to establish his status as the husband of decedent, petitioner offered in evidence two marriage certificates, one dated February 21, 1920 showing a marriage on that date between William F. Foote and Catherine Bennetta issued by the city clerk in the borough of Brooklyn. Petitioner also offered in evidence a marriage certificate dated December 13, 1954 issued by the office of the registrar of the City of Boston showing a marriage between William F. Foote and Catherine Bennett on February 1, 1922 in Boston, Massachusetts.
The presumption of legitimacy is one of the strongest presumptions in the law. (Caujolle v. Perrié, 23 N. Y. 90; Hynes v. McDermott, 91 N. Y. 451; Matter of Tuttle, 234 App. Div. 1, affd. 260 N. Y. 663.) The mere fact of birth is sufficient to give rise to the presumption; it is not necessary to prove also that the person was born in wedlock. (Matter of Matthews, 153 N. Y. 443; Matter of Lane v. Eno, 277 App. Div. 324; see, also, Richardson on Evidence [8th ed.], § 58.) The presumption of legitimacy places the burden of proof upon those contending for illegitimacy. (Matter of Matthews, supra; Matter of Smith, 136 Misc. 863.) Although the presumption of legitimacy is more easily rebuttable where there is no evidence of a marriage, (Matter of Findlay, 253 N. Y. 1) there is here no evidence to overcome the presumption of legitimacy, and the court accordingly determines the respondent, Ida Bennett Durkin, is the lawful daughter of decedent.
The status of the cross petitioner as a son of decedent rests upon a birth certificate and a baptismal certificate. It has been held that a birth certificate is not admissible to establish parentage. (Matter of Strong, 168 Misc. 716; Matter of Billings, 196 Misc. 141.) However, there is authority to the effect that a baptismal certificate is competent evidence upon a matter of *61 pedigree. (Jackson v. King, 5 Cow. 237; Layton v. Kraft, 111 App. Div. 842; Hartshorn v. Metropolitan Life Ins. Co., 55 App. Div. 471; Matter of Greco, 90 Misc. 241.) Identity of name is prima facia evidence of identity of person. (Young v. Shulenberg, 165 N. Y. 385; Mahaney v. Mutual Reserve Fund Life Assn., 69 Hun 12; Layton v. Kraft, supra) and arises from the improbability that different persons have the same name and casts upon the party challenging such identity the onus of establishing a lack of identity. (People ex rel. Haines v. Smith, 45 N. Y. 772.) The attorneys having stipulated in open court that Martha Herbert is the same person as Catherine Herbert, the decedent herein, the court determines that Edward Gonzales is the lawful son of the decedent. The evidence satisfactorily established that Edward Gonzales was born to decedent on September 3, 1895. Both the presumption of legitimacy and the inference of identity accordingly require a determination that such cross petitioner is the legitimate son of decedent and petitioner’s motion to strike out cross petitioner as a party is accordingly denied.
There remains for consideration the question as to the status of petitioner as the lawful husband of decedent. The receipt in evidence of a marriage certificate from the records of a municipal clerk raises a presumption of a valid marriage. (See Civ. Prac. Act, § 372; Domestic Relations Law, § 20-a.) Credible evidence to the contrary is required to overcome the presumption of a valid marriage. (Frelingstad v. Frelingstad, 134 N. Y. S. 2d 63.) Neither the presumption of a valid marriage nor the presumption of legitimacy of the issue of such marriage is overcome by evidence of a prior marriage and the continued existence of the person with whom the prior marriage was contracted. (Matter of Bilotta, 110 N. Y. S. 2d 331; Matter of Vargo, 282 App. Div. 701.) The presumption of the validity of a subsequent ceremonial marriage is indulged in even though there are no children of such marriage. (Matter of Biersack, 96 Misc. 161, affd. 179 App. Div. 916.) Once the solemnization of a marriage has been established, the presumption of its validity can be negatived only by disproving every reasonable possibility of its validity. (Matter of Dugro, 261 App. Div. 236; “ Denton ” v. “ Denton ”, 179 Misc. 681.) The party attacking the validity of a marriage has the burden of proof (Anonymous v. Anonymous, 174 Misc. 906; Matter of Meehan, 150 App. Div. 681; Matter of Smith, 136 Misc. 863, supra; Hynes v. McDermott, 91 N. Y. 451, supra; Matter of Tompkins, 207 App. Div. 166; Matter of Dugro, supra) and must affirmatively show that the first marriage was subsisting, proof of the survival of the person *62 with whom the prior marriage was contracted being insufficient. (Johannessen v. Johannessen, 70 Misc. 361; Spann v. Spann, 53 N. Y. S. 2d 582.) The presumption of the validity of petitioner’s marriage to decedent not having been rebutted, the court determines that petitioner is the lawful husband of decedent, even though one of the persons to whom decedent was previously married is known to be alive and notwithstanding the absence of evidence establishing a dissolution of such prior marriage.
Letters of administration will accordingly be issued to petitioner as the surviving husband of decedent and so much of the cross petition as. requests the issuance of such letters to the son of decedent is denied.
Settle decree accordingly.