Anthony P. Savabese, S.
This proceeding was instituted by the Public Administrator of Queens County as administrator of the goods, chattels and credits of John Washington, also known as John Thomas Washington, deceased, for the settlement of his account and for leave to sell certain real property which was in the names of the decedent and AdeZe Washington, his wife. The property was sold and the proceeds accounted for in a supplemental account. Ruth Parker has filed objections to the account and wherein she alleges that she is a distributee of AdelZe Jones, also known as AdelZe Jones Washington, the alleged wife of the decedent, and claims that the said AdelZe J ones, also known as AdelZe J ones Washington was a tenant in common with the decedent of certain real property known as 110-15 174th Street, Jamaica, Queens County, New York, and the personalty, furniture and house furnishings contained therein. There is testimony which establishes that the objector is a sister and distributee of said AdelZe Jones as above described by her. The validity of her claim needs to be examined in the light of the marital background of her late sister. The proof establishes that AdelZe Jones married Willie Walker on November 8, 1917 in Virginia. On November 24, 1937, as AdelZ J ones, she married John Thomas Washington, the decedent, in New York City. Both marriages were ceremonial. Despite the variations in the spelling of her first name there is no question that she is the same person who contracted both marriages. She died on October 24, 1952, the decedent on July 2, 1953, and her first husband on February 8, 1955. The proof does not disclose that there was issue of either marriage. Objector, proceeding on the assumption that her sister’s second marriage was invalid, contends that the deed created a tenancy in common and not one by the entirety, and that as her sole distributee she is entitled to one half of the proceeds of sale.
Objector’s sister in her application for the second license stated ‘ none ’ ’ in answer to the question ‘ ‘ number of marriage ”. No answers were given to questions as to the names of former husband or husbands or if they were living or dead, or whether she was a divorced person. The proof of the second marriage in 1937, followed by cohabitation as husband and wife for a period of approximately 15 years gave rise to a presump *392 tion of the validity of that marriage and of the dissolution of the earlier marriage. The objector had the burden of provingthat her sister’s marriage was not terminated. This she failed to do. Proof that her first husband was living at and after the second marriage is insufficient (Matter of Meehan, 150 App. Div. 681; Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Bilotta, 110 N. Y. S. 2d 331; Matter of Foote, 5 Misc 2d 58). Since her sister’s interest in the realty was extinguished by her death prior to the death of her husband, who is declared to be the sole owner thereof at the time of his death, her objections are dismissed.
The claim of Barton Parker for $135 is disallowed since he failed to file any objections pursuant to the stipulation put upon the minutes of the hearing. His objections filed on his own behalf and as one of the assignees of Estelle Jones are marked withdrawn. The claim of Max Hess is allowed in the sum of $71.52 and his objections are sustained. The claim of Sarah Sutton for $920 is marked withdrawn in accordance with the stipulation entered upon the record. Her claim for funeral expenses is allowed in the sum of $200 as agreed upon the hearing. The claim of Kings Daughters Hospital for $165 is disallowed for failure to file objections. Since no additional proof has been offered by the respondents Hylan Y. Davis and Ethel L. G-. Williams, Stanley C. White and Anna Haines, alleged cousins, in support of their claims that they are the distributees of the decedent, their respective objections numbered “ Second ” are dismissed and their objections numbered “First” are marked withdrawn, and objection “Third” of the respondent Hylan Y. Davis is dismissed. The distributable balance should be deposited with the City Treasurer for the benefit of the unknown distributees of the decedent. Account settled accordingly.
Submit decree on notice.