GEIS v. GEIS.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. MARRIAGE—ANNULMENT—TRIAL—PHYSICAL EXAMINATION.

In proceedings to annul a marriage on ground of defendant's physical incapacity, a motion for an order requiring her to submit to a physical examination was properly refused on condition that she waive the incompetency as witnesses of her attending physicians who had examined her, and consent to their testifying.

2. WITNESSES—COMPETENCY—CONFIDENTIAL RELATIONS—WAIVER OF OBJECTIONS.

Code Civ. Proc. § 836, forbidding a physician to testify to matters of knowledge acquired in attending a patient, provides that the patient may waive this right by waiver in open court on the trial, and that a paper executed prior to the trial shall be insufficient for such a waiver, but that the attorneys for the respective parties may, prior to the trial, stipulate as to such waiver, and the same shall be sufficient therefor. *Held*, that a stipulation by a party waiving such privilege should be signed both by the party and her attorneys.

Appeal from Special Term, New York County.

Proceedings by Anton Geis against Elizabeth Geis to annul a marriage. From an order denying a motion for physical examination of defendant, complainant appeals. Order modified.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Wm. M. Saunderson, for appellant.

Robert Godson, for respondent.

PATTERSON, P. J.   In this action the plaintiff seeks a decree annulling his marriage with the defendant on the ground of her physical incapacity to enter into the marriage state.   After the defendant had interposed an answer in which she denies that allegation, the plaintiff moved for an order requiring her to submit to a physical examination. On the hearing of that motion the defendant showed that she had already submitted to such an examination by three physicians who attended her and who were competent to testify, and she insists that she should not again be submitted to the indignity of a further examination, as abundant evidence upon the subject of her condition could be given by those physicians.   The learned Judge at Special Term denied the motion on condition that the defendant should stipulate to waive the provision of section 834 of the Code of Civil Procedure, and consent that such physicians, or any of them, by whom she had been theretofore examined, may testify as to her physical condition.   Accordingly such a stipulation was signed by the defendant and acknowledged by her.

The provision of section 834 of the Code prohibits a physician or professional or registered nurse from disclosing information acquired in attending a patient in a professional capacity and necessary to enable him to act in that capacity.   But by section 836 of the Code it is provided that a patient may waive this right of secrecy by making such waiver in open court on the trial of the action or proceeding.   It also provides that a paper executed by a party prior to the trial regarding such waiver shall be insufficient for such a waiver, but that the attorneys for the respective parties may, prior to the trial, stipulate as to such waiver, and the same shall be sufficient therefor.

In the waiver annexed to the motion papers the attorneys did not stipulate therefor.   We see no reason for differing from the judge at Special Term in his conclusion that a physical examination should not be required at the present time; but the order should be modified so that there can be no question at the trial as to the sufficiency of the waiver. Therefore, in addition to the stipulation appearing in this record, the order should require that the attorneys for the defendant sign the stipulation in accordance with the provisions of section 836 of the Code above referred to.

As modified, the order appealed from will be affirmed, without costs. This decision is without prejudice to the right of the plaintiff to make an application at the trial if it should become necessary.   All concur.