NICHOLAS FRANCIS GALLIGANO, Appellant, v. AGATHA GALLIGANO, Respondent. — In an action to annul a marriage on the ground that defendant fraudulently concealed from plaintiff that, prior to and at the time of the marriage, she was suffering from tuberculosis, order denying plaintiff's motion to examine defendant before trial on condition that she waive her statutory privilege as to Dr. Brady reversed upon the law and the facts and motion granted to the extent of allowing an examination of the defendant as to items 1 and 2 of plaintiff's notice of motion; also item 5, except as to the result of the X-rays; item 6, so far as it asks: Did defendant, when she left the sanatorium, go to the Catskill Mountains; items 8 and 10, except as to the results of the X-rays, and items 9 and 11, except as to the results of the examination by the physicians named. The examination to proceed on five days' notice at a time and place to be stated in the order. Order denying plaintiff's motion for a physical examination of defendant upon the condition named modified by striking out the words " of Dr. William Brady " at the end thereof and by inserting in their place the words " all physicians or surgeons who have already examined or treated her," and upon the further condition that within ten days from the entry of the order herein the attorneys for the respective parties sign and file a written stipulation for such waiver, without prejudice to plaintiff's right to apply at the trial for such physical examination if it become necessary. As so modified the order is affirmed, without costs. In our opinion, plaintiff was entitled to examine defendant upon the matters specified in the notice of motion except as to those which would violate the statutory privilege given by section 352 of the Civil Practice Act. As to those matters, the privilege extends to the testimony of the patient as well as of the physician. (*Dambmann* v. *Metropolitan Street R. Co.*, 55 Misc. 60.) We are further of the opinion that plaintiff is entitled to a physical examination of the defendant unless she waives her statutory privilege as to all physicians or surgeons who have examined or treated her and unless the stipulation provided for by section 354 of the Civil Practice Act is signed and filed and that the denial of the motion upon these conditions should be without prejudice to plaintiff's right to a physical examination of defendant at the trial if it become necessary. (*Cowen* v. *Cowen*, 125 Misc. 755; *Yelin* v. *Yelin*, 142 id. 533; *Geis* v. *Geis*, 116 App. Div. 362.) Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur. Settle order on notice.

SAMUEL GRAFF, an Infant, by HARRY GRAFF, His Guardian ad Litem, and HARRY GRAFF, Individually, Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Another, Respondents.— Order denying plaintiffs' motion for the examination of defendant Potter before trial affirmed, without costs. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.