FOURTH DEPARTMENT, NOVEMBER, 1935.

RALPH WOERNLEY, Appellant, *v.* ELECTROMATIC TYPEWRITERS, INC., Respondent.

Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.; Taylor and Edgcomb, JJ., dissent.

TAYLOR and EDGCOMB, JJ. (dissenting). There is no common-law privilege accorded a patient to prevent the disclosure of professional information obtained by his physician. Such privilege exists only when it is accorded by the statute. We find nothing in the statute which forbids Dr. Bridge, the physician-in-chief of the Iola Sanatorium, a charitable hospital, from disclosing upon an examination before trial the knowledge which he acquired in his official capacity during the time that the plaintiff was a patient in said institution. The provision in the section just referred to, relating to the examination of a physician or surgeon attached to a hospital, dispensary or other charitable institution as to any information which he acquired in attending a patient in a professional capacity at such institution was doubtless enacted for the accommodation of the managers and physicians of such institutions, who are public servants, and to save them the inconvenience of being compelled to attend the trial of the action. The section provides that such testimony " shall " (not " may ") be taken before a referee. It further provides that the judge of the court in which the action is pending may, in his discretion, notwithstanding such deposition, order that a subpœna issue for the attendance of such witness at the trial, but that in such case a copy of the order shall be served with the subpœna. It is apparent, therefore, that such a physician or surgeon cannot be compelled to attend the trial of an action to recover for personal injuries unless a judge of the court orders the issuance of a subpœna, and that a party, if he desires to be assured of such testimony, must take it by deposition.

The privilege surrounding an attending physician can be waived upon the trial of the action, either expressly or by the patient opening the door. If the testimony of such physician cannot be taken until the privilege is waived, and if that can be done only on the trial, and if the physician cannot be compelled to attend the trial and be sworn, it is readily seen that the adverse party would in many instances be unable to avail himself of the physician's testimony, even though it might be made competent by the conduct of the patient on the trial. It was to cover such a situation that this provision was added to section 354 of the Civil Practice Act. The mere taking of the testimony before the referee does not get it into the case. It must be read in evidence on the trial. If the attendance of the physician cannot be compelled by subpœna the provisions of section 304 of the Civil Practice Act forbidding the reading of a deposition in evidence do not apply. If the privilege of the witness has not been waived on the trial, an objection to the receipt of the evidence upon the ground that it is privileged would prevent its receipt in evidence. The testimony would thus be kept from the record and from the eyes of the public. True it would be known to the referee who took the deposition and to the attorneys present at the hearing and to that extent the patient's privilege would be invaded, but it would still be hidden from the public gaze. The Legislature has taken away the privilege given a patient by section 352 of the Civil Practice Act, in so far as the privilege applies to the examination of physicians and surgeons attached to charitable institutions before trial, and leaves the evidence available to a party on the trial of the action, if perchance the door is opened for its reception by the act of the patient. The intention of the Legislature to provide for such a waiver so far as the examination is concerned is also apparent from the heading of section 354 of the Civil Practice Act. It reads " application of sections relating to confidential communications," showing an intention to make the provision apply to that very subject. Unless the provision is thus construed it would seem to be improperly included in section 354 of the Civil Practice Act.