RALPH WOERNLEY, Respondent, v. ELECTROMATIC TYPE-WRITERS, INC., Appellant.

(Argued April 14, 1936; decided May 19, 1936.)

*Stephen V. Lines* for appellant.

*William L. Clay* for respondent.

HUBBS, J.   This is an action to recover damages for personal injuries suffered by the plaintiff.   The Special Term, on motion of the defendant, made an order that the testimony of a physician, engaged in a sanatorium where plaintiff was treated, should be taken before a referee concerning all the facts relating to plaintiff's physical condition while he was a patient at the sanatorium, and concerning any diseases or injury of which the physician had knowledge, acquired while the plaintiff was a patient there and which existed prior to the commencement of the action.   The order was based upon section 354 of the Civil Practice Act, which reads, in part:

" * * * In an action for the recovery of damages for a personal injury the testimony of a physician or surgeon, or of a professional or registered nurse attached to any hospital, dispensary or other charitable institution as to information which he acquired in attending a patient in a professional capacity, at such hospital, dispensary or other charitable institution, shall be taken before a referee appointed by a judge of the court in which such action is pending; provided, however, that any judge of such court at any time in his discretion, notwithstanding such deposition, may order that a subpœna issue for the attendance and examination of such physician or surgeon or professional or registered nurse, upon the trial of the action. In such case a copy of the order shall be served together with the subpœna. The provisions of this act and rules relating to depositions of witness taken and to be used within the state apply to the examination of a physician or surgeon or a professional or registered nurse, as prescribed in this section. The waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver. But the attorneys for the respective parties, prior to the trial, may stipulate for such waiver, and the same shall be sufficient therefor."

The Appellate Division modified the order of Special Term by striking out that part which directed the examination of the physician, and that court certified the question: " On this record did the court at Special Term have the power to order the examination of Doctor Bridge? "

For over a hundred years it has been the law in this State that a physician should not be allowed to disclose any information which he acquired in attending a patient in a professional capacity. (2 R. S. [1st ed., 1829] p. 406, § 73; Code Civ. Proc. § 834; Civ. Prac. Act, § 352.)

" Its purpose [Civ. Prac. Act, § 352] is to protect those who are required to consult physicians from the disclosure

of secrets imparted to them; to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation, embarrassment or .disgrace to patients." (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45, 48.)

The order here in question expressly provides that the physician to be examined before a referee shall disclose on such examination the facts which section 352 of the Civil Practice Act provides shall not be disclosed by a physician. Section 354 of the Civil Practice Act was never intended to abrogate the provisions of section 352. The enactment of section 352 and the prior statutes covering the same subject apply to disclosures before a referee the same as to disclosures upon a trial in court.

The Legislature has guarded against the violation of section 352 by providing that its protection can only be waived " in open court, on the trial of the action or proceeding."

Section 354 permitting the examination of hospital physicians before a referee was undoubtedly enacted to protect physicians and the institutions where they are engaged from the annoyance of being compelled to attend trials as witnesses. The section extends to them a privilege because of the nature of their services which is not extended to others.

The order of the Appellate Division should be affirmed, with costs, and as applied to the order here in question the certified question should be answered in the negative.

O'BRIEN, J. (dissenting). The only question is whether on this record the Special Term had power to order the examination of a physician attached to a sanatorium where plaintiff in this action for the recovery of damages for a personal injury was treated. The justice at Special Term and the dissenting justices at the Appellate Division (246 App. Div. 675) were of the opinion that such power exists by virtue of the provisions of section 354 of the

Civil Practice Act and I agree with them. That section is entitled "Application of sections relating to confidential communications," and provides in part: "* * * In an action for the recovery of damages for a personal injury the testimony of a physician or surgeon, or of a professional or registered nurse attached to any hospital, dispensary or other charitable institution as to information which he acquired in attending a patient in a professional capacity, at such hospital, dispensary or other charitable institution, *shall* be taken before a referee appointed by a judge of the court in which such action is pending; provided, however, that any judge of such court at any time in his discretion, notwithstanding such deposition, may order that a subpœna issue for the attendance and examination of such physician or surgeon or professional or registered nurse, upon the trial of the action. In such a case a copy of the order shall be served together with the subpœna. The provisions of this act and rules relating to depositions of witness taken and to be used within the state apply to the examination of a physician or surgeon or a professional or registered nurse, as prescribed in this section. The waivers herein provided for must be made in open court, on the trial of the action or proceeding * * *."

This language is mandatory in form and appears to be sufficient not only to authorize but also to require the taking before trial of the testimony of a physician attached to a hospital. The words should be given their ordinary meaning. This section was enacted as an exception to the general rule embodied in section 352 of the Civil Practice Act and for the convenience of members of hospital staffs as well as to provide a body of evidence which the patient, as plaintiff in a personal injury action, can, if he desires, produce on the trial. Such testimony cannot be introduced by the adverse party on the trial unless the patient expressly waives in open court his right to object to disclosure on the ground of privilege or opens the door by production of this testimony or other medical evidence on the subject. (Civ. Prac. Act, § 352; *People*

v. *Bloom,* 193 N. Y. 1; *Rudolph* v. *John Hancock Mut. L. Ins. Co.,* 251 N. Y. 208; *Steinberg* v. *N. Y. L. Ins. Co.,* 263 N. Y. 45, 51, 52.) Neither party has the right under this section to subpœna the physician but, in addition to ordering the taking of testimony before a referee, the judge may, in his discretion, order the issue of a subpœna for that purpose. The mandatory "*shall,*" as applied to the examination, and the permissive "*may,*" as applied to the issue of the subpœna, are used in emphatic contrast in the same section of the statute.

CRANE, Ch. J., LEHMAN, CROUCH, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., dissents in opinion.

Ordered affirmed, etc.