FANNIE LORDE, Appellant, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.

First Department, December 17, 1937.

*David Goldstein* of counsel [*Thomas Gold Frost* with him on the brief; *Goldstein & Goldstein,* attorneys], for the appellant.

*Joseph Fischer* of counsel [*Victor E. Whitlock* with him on the brief; *Holm, Whitlock & Scarff,* attorneys], for the respondent.

COHN, J.   The action is to recover the sum of $15,000 upon a life insurance policy issued by defendant on the life of plaintiff's husband, Marvin Lorde.   Plaintiff is the beneficiary of the policy. In its answer to the complaint, defendant sets up certain alleged misrepresentations made by the insured Marvin Lorde in his written application for the policy in suit.   The misrepresentations claimed were that the deceased had stated he had never suffered from illness, disease or injury and that he had not been treated by physicians nor had he consulted with them within five years prior to the time of making his application.

The interrogatories objected to were among those proposed by defendant to be submitted to the superintendent of the University of Pennsylvania Hospital at Philadelphia, Pa., who is a physician. Plaintiff's motion was grounded upon the claim that the testimony called for by the interrogatories was privileged under sections 352 and 354 of the Civil Practice Act.   It is defendant's contention that, as the interrogatories are pertinent to the issues involved in the action, they must be allowed, and that the question of competency may be determined upon the trial when the testimony is sought to be read.

The Special Term denied plaintiff's motion to strike out the interrogatories, stating that they do not concern privileged matters. It is quite clear, however, that, by interrogatories numbered 13, 14, 15, 16 and 17, defendant seeks the production of the record of Marvin Lorde's medical treatment while a patient at the hospital, and of X-ray plates and photos made while the deceased was a patient there.   The record, the plates and the photographs, if they exist, were made by physicians in the course of attending the patient in a professional capacity.   Such information in our view is privileged within the meaning of sections 352 and 354 of the Civil Practice Act.

Section 354 of the Civil Practice Act (as amd. by Laws of 1936, chaps. 139 and 493) provides as follows:  " But a physician or surgeon   *   *   *,  upon a trial *or examination,* may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient pro-

fessionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient." (Italics ours.) In this case the personal representatives of the deceased have declined to waive the provisions of section 352. By the express language of the statute the privilege applies to information disclosed *upon an examination* as well as upon a trial. The Court of Appeals has so held in *Woernley* v. *Electromatic Typewriters, Inc.* (271 N. Y. 228). In that case the court, speaking through Judge HUBBS, said (at p. 231 *et seq.*):

" For over a hundred years it has been the law in this State that a physician should not be allowed to disclose any information which he acquired in attending a patient in a professional capacity. (2 R. S. [1st ed. 1829] p. 406, § 73; Code Civ. Proc. § 834; Civ. Prac. Act, § 352.)

" ' Its purpose [Civ. Prac. Act, § 352] is to protect those who are required to consult physicians from the disclosure of secrets imparted to them; to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation, embarrassment or disgrace to patients.' (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45, 48.)

" The order here in question expressly provides that the physician to be examined before a referee shall disclose on such examination the facts which section 352 of the Civil Practice Act provides shall not be disclosed by a physician. * * * *The enactment of section 352 and the prior statutes covering the same subject apply to disclosures before a referee the same as to disclosures upon a trial in court.*" (Italics ours.)

The plain purpose of the statute would be frustrated if the information acquired by the physician were revealed, as is here suggested, upon an examination without the State. The disclosure of secrets imparted to a physician by a patient is not permitted by our statute upon an examination before a commissioner or a referee any more than it is upon the trial of the action or proceeding, unless there be a waiver made in open court on the trial of the action or proceeding. In a word, the statute contemplates that, in the absence of the required waiver, the confidential information be shut off at the source.

If plaintiff upon the trial should waive the privilege which she had theretofore consistently asserted, the inability of defendant to obtain testimony from another State to establish its defense might, in certain circumstances, furnish sufficient grounds to warrant a

reasonable adjournment or perhaps a mistrial on the ground of surprise. However, that question is not now before us.

Under the authorities it is competent for defendant to show " such ordinary incidents and facts as are plain to the observation of any one without expert or professional knowledge." ( *Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449, at p. 453. Cf. also, *Patten* v. *U. L. & A. Ins. Association*, 133 id. 450, 453.) Interrogatories designed to elicit whether the deceased was treated professionally, the names of the physicians who treated him, the date of his entry in the hospital, and the date of his discharge, are proper. However, the questions which call for the production of hospital records for the obvious purpose of establishing the character of the disease or ailment for which the insured was being treated at the hospital, should have been stricken out. They are inadmissible because they are privileged communications in the same sense as is the testimony of the physician himself who made the diagnosis.

The order appealed from should accordingly be modified by striking out the proposed interrogatories numbered 13, 14, 15, 16 and 17, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously modified by striking out the proposed interrogatories numbered 13, 14, 15, 16 and 17, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.