HOWARD DIAMOND, Respondent, v. THE CITY OF NEW YORK, Defendant, and JOHN HORN, Appellant.

Second Department, June 15, 1942.

Stanley Buchsbaum [William C. Chanler, Corporation Counsel, and Murray Rudman with him on the brief], for the appellant.

Elliott L. Biskind, for the respondent.

HAGARTY, J. Plaintiff alleges in his complaint that on the 5th day of April, 1941, an automobile owned by defendant The City of New York and operated by appellant Horn, a policeman, struck him as he was crossing a highway intersection. The defendant and the appellant have answered separately. Plaintiff, in support of his motion for examination of appellant Horn, avers that the

testimony of said appellant is necessary to show negligence, in that he was struck down without warning and is completely ignorant of the manner in which the automobile was being operated.

The defendant and the appellant are properly sued as joint wrongdoers, and each of them is severally, as well as jointly, liable for the whole of plaintiff's damages. The city, moreover, is bound to indemnify Horn in the event of recovery against him. (Gen. Mun. Law, §§ 50-a, 50-c; *Kosiba* v. *City of Syracuse*, 287 N. Y. 283.)

The appellant contends that inasmuch as the city cannot be subjected to examination, a motion addressed to him must be denied, as it would result indirectly in an examination of the city, which ultimately will be called upon to respond if plaintiff procures a judgment.

The taking of depositions of parties in a negligence action generally is favorably regarded as clarifying the issues in advance of trial. A difference in the practice as to municipal corporations cannot be predicated on any sound reason. The objection advanced in *Uvalde Asphalt Paving Co.* v. *City of New York* (149 App. Div. 491) as to inconvenience of principal municipal officers was based upon the language of the Code of Civil Procedure. The present statute permits examination of "employees" of a corporation. (Civ. Prac. Act, § 289.)

A municipal corporation, however, cannot be examined before trial, except within the limited scope provided by section 292-a of the Civil Practice Act, as courts are without power derived from statute to direct such examination. (*Rucker* v. *Board of Education*, 284 N. Y. 346; *Davidson* v. *City of New York*, 175 App. Div. 969; affd., 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 id. 509; *Kasitch* v. *City of Albany*, 283 id. 622.)

But there can be no question of the power to direct examination of an individual codefendant who, as here, is liable for the entire amount of any judgment that may be entered in the action. His examination as a party rests in discretion (*Public National Bank* v. *National City Bank*, 261 N. Y. 316), which, in our opinion, was properly exercised in making the order under review.

The order, in so far as appealed from, should be affirmed, with ten dollars costs and disbursements, and the examination should proceed on five days' notice.

LAZANSKY, P. J., ADEL and TAYLOR, JJ., concur; CARSWELL, J., dissents and votes to reverse the order, in so far as appealed from, and to deny the motion, with the following memorandum: Sections 50-a and 50-c of the General Municipal Law impose liability on the city for Horn's negligence. Naming him as a party

defendant is merely a device to examine the city and to do indirectly what may not be done directly. (*Graff* v. *Board of Education of City of N. Y.*, 245 App. Div. 743.) There are considerations (which concern the Legislature) justifying a distinction between private corporations and municipal corporations (in respect of the latter's governmental activities as distinguished from its proprietary activities) in the matter of examinations before trials.

Order, in so far as appealed from, affirmed, with ten dollars costs and disbursements, the examination to proceed on five days' notice.