In the Matter of ROSE CENCI, Petitioner.
ST. JOHN'S HOSPITAL, Respondent.

Supreme Court, Special Term, Bronx County, August 22, 1945.

*Jules Chopak* for petitioner.

*James F. Barry* for respondent.

GAVAGAN, J. Originally this application was granted as there was no affidavit in opposition among the papers submitted to the court. After decision an opposing affidavit arrived in the mail. The attorney for the petitioner has consented to the reopening of the decision and a reconsideration of the application with the opposing affidavit. Accordingly the memorandum decision of this court dated August 17, 1945, is recalled and set aside, and the following disposition is made of the matter.

This application is made for an order directing the St. John's Long Island City Hospital, a voluntary charitable hospital incorporated under the laws of the State of New York, to produce all of its records as they relate to two named former patients for examination by the petitioner and her attorney, with leave to petitioner to make transcripts of the said records.

Viewed as an application to discover and inspect, this application may not be granted because the respondent hospital is not a party. (Civ. Prac. Act, § 324; Rules Civ. Prac., rule 140; *Rubel Corp.* v. *Rosoff*, 251 App. Div. 868, 869.) Nor does this application come within the purview of section 296-a of the Civil Practice Act, for no witness is sought to be examined. Nor is the situation here presented one in which the records in question are under the control of an opposing party. (Civ. Prac. Act, § 324.) The case of *Matter of Mojica* v. *Department of Hospitals* (169 Misc. 852) does not aid the petitioner. There the application was made under section 894 of the New York City Charter (1938). That section deals with New York City departments only and not with private institutions. The case of *Savino* v. *St. Joseph's Hospital* (N. Y. L. J., Jan. 30, 1935, p. 533, col. 2) is also not determinative of this application. There witnesses were sought to be examined. The authority cited in the *Savino* case (*supra*) (*Blaine* v. *City of New York*, 238 App. Div. 789) also contemplates the examination of a witness. Moreover the *Rubel* case (*supra*), also in the Second Department, in 1938, at a time subsequent to the decision in the *Savino* case (*supra*), refused the inspection of records of one not a party to the action.

The application is denied.