### STILES v. CLIFTON SPRINGS SANITARIUM CO.

Civ. 3240.

District Court, W. D. New York.

Oct. 31, 1947.

Kramer, Night & Wales, of Binghamton, N. Y. (Nelson E. Robinson, of Binghamton, of counsel), for plaintiff.

Reilly, Roberts, McLouth & Dicker, of Rochester, N. Y. (Stephen V. Lines, of Rochester, N. Y., of counsel), for defendant.

BURKE, District Judge.

Plaintiff brings this suit to recover damages for the death of her husband while he was a patient in the Clifton Springs Sanitarium. The basis of the claim is the alleged negligence of the defendant in failing to exercise reasonable care in protecting the deceased from his own acts. It is alleged in the complaint that at the time of his admission to the sanitarium the deceased was suffering from a "severe mental disability and had exhibited tendencies toward self harm." Plaintiff in an examination before trial sought to examine a nurse and doctor employed by the defendant. Defendant objected to the proposed examination with reference to the physical and mental condition of the deceased on the ground of privilege. Counsel for plaintiff attempted to waive the privilege created by Section 352 of the New York Civil Practice Act. Defendant pursuant to Rule 30(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, seeks an order limiting the examination so as to exclude any testimony with reference to the physical and mental condition of the deceased on the ground that any observations, conversations, diagnosis, treatment or prognosis by either a nurse or physicians were privileged and that the question of privilege could not be waived by the personal representatives of the deceased.

Privileged communications are controlled principally by state statutes which, under Rule 43(a), clearly govern. Section 352 of the Civil Practice Act provides in part that a person authorized to practice medicine or surgery or a professional nurse shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity. Section 354 relates to the manner in which the privilege may be waived by personal representatives of a deceased patient and expressly excludes such facts as would tend to disgrace the memory of the deceased patient. Matter of Cashman, 159 Misc. 881, 289 N.Y.S. 328, affirmed 280 N. Y. 681, 21 N.E.2d 193. At first blush that decision would seem to be determinative of the question. The facts in the present case, however, seem to me sufficient to distinguish that decision and to make it inapplicable here. No decisions of the New York Courts

in a situation similar to the case at bar have been called to my attention nor have I been able to find any. The reason for the decision in the Cashman case was grounded in public policy. I take that to mean that the memory of a person may not be besmirched by the testimony of physicians and nurses who gained their information by observations or treatment of the deceased person. The purpose of Section 352 is to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation, embarrassment or disgrace to patients. Woernley v. Electromatic Typewriters, Inc., 271 N.Y. 228, 2 N.E.2d 638; Steinberg v. New York Life Ins. Co., 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642. Testimony of the nurse on the examination before trial establishes that the deceased died by his own hand. Evidence tending to show that the deceased was suffering from a mental disorder with suicidal tendencies would, in my opinion, not tend to disgrace his memory but rather would explain an otherwise reprehensible act. Suicide is the intentional taking of one's own life. Penal Law, Consol.Laws, c. 40, § 2300. At common law suicide was a crime and the consequence was the forfeiture of the property of the offender. Darrow v. Family Fund Soc., 116 N.Y. 537, 22 N.E. 1093, 6 L.R.A. 495, 15 Am.St.Rep 430. It is not a crime under the law of New York but it is recognized by statute as a grave public wrong. Penal Law, § 2301. Intent, being one of the elements of suicide, presupposes sanity. It is doubtful whether the common law rule, declaring suicide to be malum in se, has been changed by the provisions of the New York Penal Law. Shipman v. Protected Home Circle, 174 N.Y. 398, 67 N.E. 83, 63 L.R.A. 347. But since suicide is recognized by statute as a grave public wrong, death by his own hand, unexplained, would class the deceased as a grave public offender. The testimony sought to be elicited from the attending nurse and physician would tend to establish that the deceased, by reason of his mental condition, was not responsible for his act of self-destruction and would thus clear his memory of moral responsibility for a grievous wrong. I hold therefore that the testimony of the nurse

and physicians regarding the physical and mental condition of the deceased during the period while he was a patient at the defendant's sanitarium are not confidential communications and facts which would tend to disgrace the memory of the deceased, and that the provisions of Section 352 may be waived by the plaintiff.