OTTILIA KINBACHER, Plaintiff, *v.* ROBERT J. SCHNEIDER, Defendant.

Supreme Court, Special Term, Kings County, April 26, 1949.

*Alfred B. Leeds* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General* (*Louis E. Cooper* of counsel), for Brooklyn State Hospital.

*John P. McGrath, Corporation Counsel* (*John G. Dyer* of counsel), for Kings County Hospital.

BELDOCK, J. In aid of an action in equity to set aside two deeds to real property, plaintiff moves for an order requiring the senior director or his assistant of the Kings County Hospital and of the Brooklyn State Hospital to produce all records, for the purpose of inspection, pertaining to the admission and diagnosis of one Helen Schneider, deceased.

Plaintiff is the mother of the decedent; defendant was the decedent's husband. Plaintiff claims that four days prior to deceased's admission to Kings County Hospital as a mentally ill person, the latter executed two deeds transferring ownership of real property to the defendant herein; that the decedent was taken to Kings County Hospital on April 24, 1948, and was transferred to the Brooklyn State Hospital on May 1, 1948, where she died about two weeks later.

Decedent left no will or assets other than the real property covered by the deeds which are the subject of this lawsuit. The action in equity is brought to set aside these deeds in order that the real property may be considered part of the assets of the estate of the decedent, from which plaintiff, who claims to have advanced part of the consideration for the purchase of this real property, may have her claim satisfied.

No administrator of the estate of the decedent has been appointed nor has any application for such appointment been made by the husband, the defendant herein.

Opposition is made to this application for a discovery and inspection by the Attorney-General, representing the Brooklyn State Hospital, and the Corporation Counsel, representing the Kings County Hospital, on the ground that these hospital records are confidential communications within the meaning of sections 352 and 354 of the Civil Practice Act. This objection is well taken. (See *Munzer* v. *State of New York*, 41 N. Y. S. 2d 98; *Lorde* v. *Guardian Life Ins. Co.*, 252 App. Div. 646; *Matter of City Council of City of N. Y.* v. *Goldwater*, 284 N. Y. 296.) Subdivision 9 of section 34 of the Mental Hygiene Law is of no help to plaintiff. That section was not intended to vitiate sections 352 and 354 of the Civil Practice Act. (See *Westphal* v. *State of New York*, 191 Misc. 688.)

Plaintiff contends, however, that the amendment to section 354, reading " or in any litigation wherein the interests of the personal representative of such deceased patient are deemed by the trial judge to be adverse to those of the estate of the deceased patient, by any party in interest," permits her to waive the requirements of section 352. Such contention is untenable in view of the present state of this matter. The purpose of the amendment (L. 1946, ch. 519, recommended by the Executive Committee of the Surrogates' Association of the State of New York [see annotation under this section in Gilbert-Bliss, Civil Practice Act]) was to permit the waiver of the privilege to be made by any party in interest in any litigation where the individual interests of the personal representative are deemed by the *trial judge* to be adverse to the interests of the estate. No such waiver by a party in interest may be made unless (1) there has been an appointment of a personal representative of the deceased (which as used in section 354 has been held to mean an executor or administrator; *Polachek* v. *New York Life Ins. Co.,* 147 Misc. 16, affd. 240 App. Div. 1028; *Acee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 246), (2) the matter has been brought to trial and a determination made by the trial court of such adverse interest, or (3) upon the appointment of a personal representative, a stipulation is made prior to the trial consenting to such waiver, signed by counsel for the litigants. It is true that in the instant action the interest of the mother may be adverse to that of the defendant. However, as a personal representative of the deceased has not been appointed, plaintiff cannot comply with the requirements of section 354 at this time.

Plaintiff's application for the discovery and inspection of all hospital records is, therefore, denied. Section 352 contemplates that in the absence of the required waiver, such confidential information must be shut off at its source. (*Lorde* v. *Guardian Life Ins. Co.,* 252 App. Div. 646, *supra*; *Woernley* v. *Electromatic Typewriters,* 271 N. Y. 228; *Kriebel* v. *Commercial Travelers Mut. Accident Assn.,* 63 N. Y. S. 2d 282.) Submit order.