IDA JAFFE, as Administratrix of the Estate of MORRIS JAFFE, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, October 25, 1949.

*John P. McGrath, Corporation Counsel* (*Irving D. Moglen* of counsel), for defendant.

*Samuel Rabinor* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General* (*Louis E. Cooper* of counsel), for Kings Park State Hospital and another.

BELDOCK, J. Defendant moves for an order directing the Kings Park State Hospital, the Brooklyn State Hospital and the Jewish Hospital of Brooklyn " to submit its hospital records to defendant pursuant to Section 306 of the Civil Practice Act ". No authority for the relief requested under this section has been cited by the movant, nor is the court aware of any such authority. The court will, therefore, view this as an application under section 324 of the Civil Practice Act, and rule 140 of the Rules of Civil Practice. Under those statutes, the application to produce the hospital records is denied. The hospitals are not parties nor are the records in question under the control of an opposing party. (*Matter of Cenci,* 185 Misc. 479, 480, citing Civ. Prac. Act, § 324, Rules Civ. Prac., rule 140, and *Rubel* v. *Rosoff,* 251 App. Div. 868, 869.)

Concerning the production of the records of the Kings Park State Hospital and Brooklyn State Hospital, these records are privileged under section 352 of the Civil Practice Act. Section 20 and subdivision 9 of section 34 of the Mental Hygiene Law do not create an exception to the privilege and do not permit a disclosure thereof except as may be done under section 354 of the Civil Practice Act. Subdivision 9 of section 34 was not intended to vitiate section 352 of the Civil Practice Act. (*Westphal* v. *State of New York,* 191 Misc. 688; *Munzer* v. *State of New York,* 41 N. Y. S. 2d 98; *Kinbacher* v. *Schneider,* decided by this court in April, 1949, and reported in 194 Misc. 969; cf. *Matter of Grabau,* 193 Misc. 859.) There is no substance to the claim made by the city that the failure to permit a discovery and inspection of these records at this time will seriously hamper its defense of the action. If the privilege be waived at the trial by the deceased's administratrix, defendant may apply in the

light of such waiver for a suspension for a reasonable length of time in which to examine and produce these hospital records (*Rubin* v. *Equitable Life Assur. Soc.*, 269 App. Div. 677; *Lorde* v. *Guardian Life Ins. Co.*, 252 App. Div. 646). Nor is there any merit to the contention urged by the city that the commencement of the action is a waiver of privilege (*Rubin* v. *Equitable Life Assur. Soc., supra*).

Accordingly, the motion is denied. Submit order.