Foster, P. J.
Claimant, as a Public Administrator of the estate of George H. Pierre, deceased, has filed a claim against the State of New York for the alleged wrongful death of the decedent. The latter was an inmate of the Kings Park State Hospital for the Insane at the time of his death. Claimant moved for an order permitting an inspection of decedent’s hospital record, presumably for the purpose of proving negligence on the part of State employees, and the Court of Claims granted such an order pursuant to subdivision 9 of section 34 of the Mental Hygiene Law. From that order the State has appealed.
In opposing the order it is the State’s contention that the records sought are privileged, and that, the privilege can only be waived by the personal representative of the decedent in open court. The dominant note of the State’s position in that regard is that the Mental Hygiene Law, which provides that the record of an inmate of a State institution may be made accessible upon the order of a Judge of a court of record, must be read in connection with sections 352 and 354 of the Civil Practice 4 Act. Section 352 provides that a physician “ shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity Section 354 of the same act provides, in part, that upon a trial or examination, a physician ‘ ‘ may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential com- ' munications and such facts as would tend to disgrace the memory *440 of the patient, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representative of the deceased patient”. (Emphasis supplied.)
As to whether the Mental Hygiene Law and the foregoing sections of the Civil Practice Act must be read together, there are cases both ways (Scolavino v. State of New York, 187 Misc. 253; Liske v. Liske, 135 N. Y. S. 176; Munzer v. Blaisdell, 183 Misc. 773; Kinbacher v. Schneider, 194 Misc. 969; Jaffe v. City of New York, 196 Misc. 710).
But it was held in Matter of New York City Council v. Goldwater (284 N. Y. 296) that the hospital records of patients in a city institution were privileged. In that case the records were sought to be subpoenaed in a legislative investigation into the conduct of city hospitals and no order was obtained pursuant to the Mental Hygiene Law. We assume nevertheless, as a fair implication from this authority, that the Mental Hygiene Law ^should be read in connection with the privilege sections of the Civil Practice Act.
If such provisions are read together there is a very good reason, in our opinion, why a blanket order may not be made permitting without restraint an examination of the hospital records of a deceased patient. That reason is apparent from the language of section 354 of the Civil Practice Act. The waiver V therein provided excludes confidential communications. The bench and bar are apt to loosely lump privileged communications as confidential communications, but they are not necessarily the same, as the statute indicates. Just what are confidential communications, and what may be privileged but not confidential, are matters that can only be determined judicially upon a trial or hearing. In the case before us if the blanket order of the Court of Claims is affirmed then the Public Administrator will have access to all information which the physicians who attended the decedent acquired in the course of their professional capacity, confidential and otherwise. Since no one is entitled to waive the disclosure of confidential communications, then it would seem to follow that no one outside the physician to whose ears they were confided is entitled to know them. It might be argued that in most cases an insane person cannot make a confidential communication, but we regard this argument as foreclosed by the decision in Matter of New York City Council v. Goldwater (supra).
In the light of the foregoing it seems to us that the order appealed from was improper. We think the proper procedure *441 would be to have an examination before trial under judicial supervision, or to await a trial where certainly the privilege, except as to confidential communications, could be waived.
The order should be reversed, without costs.
Brewster, Deyo, Bergan and Coon, JJ., concur.
Order reversed, on the law, without costs. [See 278 App. Div. 628.]