**BAUM v. PENNSYLVANIA R. CO.**

Civ. A. No. 13395.

United States District Court
E. D. New York.

June 19, 1953.

Grabow & Katz, New York City, Sidney Braverman, New York City, of counsel, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, by Louis Carruthers, New York City, Donald H. Balleisen, New York City, of counsel, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for an order directing the plaintiff to answer questions in connection with the taking of a deposition.

The plaintiff declined to answer some of the questions upon the ground that they were privileged communications between himself, a patient, and his physician. Section 352 of the New York Civil Practice Act sets forth the rule on that subject. It has been held that the privilege extends to both patient and physician, Galligano v. Galligano, 245 App.Div. 743, 280 N.Y.S. 419. The case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 396, 91 L.Ed. 451, cited by the defendant, is not in point. It is true that the doctrine of privilege between an attorney and client, which is similar to the privilege attaching to patient and physician, was alluded to by the Court, but it is likewise true that the Court did not intend to weaken or destroy the privilege. In this connection, Mr. Justice Jackson, in the concurring opinion, said:

> "It seems equally clear that discovery should not nullify the privilege of confidential communication between attorney and client. But those principles give us no real assistance here because what is being sought is neither evidence nor is it a privileged communication between attorney and client."

While the plaintiff may not be compelled to divulge the information received from his physician, he is obliged to disclose whether he was treated professionally and the names of his physicians and the dates of his visits. Lorde v. Guardian Life Insurance Co., 252 App.Div. 646, 300 N.Y.S. 721.

Inasmuch as plaintiff seeks damages for loss of earnings, profits and commission (paragraph Nineteenth of the Complaint) and failed on examination to satisfactorily answer questions as to his earnings, the question relating to the amount received for his share of the business is relevant.

Submit order.