Donald S. Taylor, J.
The defendant Knox moves for an order pursuant to section 324 of the Civil Practice Act and rules 140 and 141 of the Rules of Civil Practice to require the plaintiff to produce for discovery and inspection the records of a Canadian hospital pertaining to her care and treatment for injuries sustained in a motor vehicle accident, to recover damages for which she has instituted this action. The plaintiff resists the application principally on the ground that such records are privileged.
*772 It would hardly be consonant with our present judicial concepts to contemplate that the remedy of discovery and inspection should be construed so limitedly as to render it impotent, under proper safeguards, to cope with an unusual problem such as this. (Del Ra v. Vaughan, 2 A D 2d 156; Wilhelm v. Abel, 1 A D 2d 55.) To prove her case at the trial the plaintiff almost inevitably will waive her personal privilege. These records which are under her control should be accessible to eliminate delay, or even mistrial, when her waiver becomes operative. (Rubin v. Equitable Life Assur. Soc., 269 App. Div. 677; Cardot v. Ball, 263 App. Div. 788.)
The motion is granted as follows: the plaintiff is directed to procure such hospital records and to deposit them in a sealed envelope bearing the name of the patient, the title of the case and the names of the attorneys representing the parties with the clerk of this court in the County of Albany who shall give a receipt therefor and be responsible for their safekeeping, which envelope shall not be opened for inspection or its contents exhibited except on order of the trial court. Such clerk will be served with a copy of the order to be entered hereon at the time the records are deposited with him as herein provided, and he shall return such records to plaintiff or her attorney when they are no longer needed. Until compliance by the plaintiff, the trial of her cause will be stayed.
Settle order on notice.