Amerigo **PADOVANI**, Plaintiff,

v.

**LIGGETT & MYERS TOBACCO CO.,**
Defendants.

Civ. No. 15963.

United States District Court
E. D. New York.

April 17, 1959.

Elmer Fried, New York City, for plaintiff, Stanley Mailman, New York City, of counsel.

Webster, Sheffield & Chrystie, New York City, for defendants, Emile Z. Berman, New York City, of counsel.

ZAVATT, District Judge.

This is a hearing upon the objections filed by the plaintiff to the defendant's interrogatories served pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The complaint is one for damages for injuries allegedly suffered by the plaintiff, who claims that he suffered a carcinoma affecting the vocal cords as the result of smoking cigarettes manufactured by the defendant. The objections to the following interrogatories are sustained: 9(d) (g) (h); 10(d) (g) (h); 11(d) (g) (h); 12(d) (g) (h); 15(c) (d); 16(c) (d); 17(c) (d) (e) (g) (j); 20(b) (f) (i); 25(d) (g) (i) (j) [25(g) (i) and (j) are incorrectly designated in the interrogatories as (d) (f) and (g) following 25(f) on page 11].

■■ With the exception of the parts of interrogatory 25 which have been found to be objectionable, the interrogatories as to which the objections are sustained seek information within the privilege afforded by section 352 of the Civil Practice Act of the State of New York. Apart from a situation arising under Rule 35 of the Federal Rules of Civil Procedure, the court considers itself bound by the law of New York in determining the existence and scope of the privilege with which communications made in the course of the physician-patient relationship are veiled. Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Baum v. Pennsylvania R. Co., D.C. E.D.N.Y., 1953, 14 F.R.D. 398; Munzer v. Swedish American Line, D.C.S.D.N. Y., 1940, 35 F.Supp. 493. Section 352 provides:

"A person duly authorized to practice physic or surgery, or dentistry, or a registered professional or licensed practical nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, * * * "

It appears that the privilege may be invoked when privileged matters are sought to be elicited either from the physician or the patient, Baum v. Pennsylvania R. Co., supra; Galligano v. Galligano, 2nd Dept. 1935, 245 App.Div. 743, 280 N.Y.S. 419; cf. Bloodgood v. Lynch, 1944, 293 N.Y. 308, 314, 56 N.E.2d 718; Myles E. Rieser Co. v. Loew's Inc., 1948, 194 Misc. 119, 81 N.Y.S.2d 861, 862. The privilege may be invoked when discovery before trial of protected matters is sought, it being within the contemplation of the statute that the confidential information be shut off at its source. Lorde v. Guardian Life Ins. Co. of America, 1st Dept. 1937, 252 App.Div. 646, 300 N.Y.S. 721, 724.

■■ The most serious question here is whether there has been a waiver of the privilege by reason of the fact that the plaintiff has brought the instant action in which an essential issue is the existence of the claimed ailment, already publicly disclosed so far as the plaintiff is concerned. Section 354 of the Civil Practice Act provides for the express waiver of the privilege afforded by section 352, upon the trial or examination by the patient:

"* * * The waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver. But the attorneys for the respective parties, prior to the trial, may stipulate for such waiver, and the same shall be sufficient therefor."

Under the decided cases it would appear that the waiver may be implied from some conduct or procedure, at the trial or in an examination preparatory thereto, of the party entitled to assert the

privilege. Munzer v. Swedish American Line, supra, and cases cited therein. But the very persuasive veiws of Professor Wigmore to the contrary notwithstanding, Treatise on Evidence, Vol. VIII, § 2389 (3rd ed. 1940), it appears to be the law of New York that even though the plaintiff has alleged an ailment in his complaint, and such allegation is the foundation of his cause of action, it is not a waiver of the privilege afforded by section 352 of the Civil Practice Act. Rubin v. Equitable Life Assur. Soc. of United States, 2nd Dept., 1945, 269 App. Div. 677, 53 N.Y.S.2d 351; Tripp v. Knox, 1956, 5 Misc.2d 771, 165 N.Y.S.2d 660; Jaffe v. City of New York, 1949, 196 Misc. 710, 94 N.Y.S.2d 60. Accordingly, I reluctantly hold that the plaintiff has not waived his privilege in the case at bar.

In any event, it is the *tenor* only of communications to physicians that is privileged. The mere *facts* that on certain occasions the plaintiff submitted himself for diagnosis and treatment, as well as the dates of same, the names and addresses of the physicians, whether or not diagnoses were reduced to writing, and related matters, are subject to disclosure so long as the subject communicated is not stated. Wigmore, op. cit. supra, § 2384. Such facts are properly the subject of discovery. Cf. Rubin v. Equitable Life Assur. Soc. of United States, supra; Lorde v. Guardian Life Ins. Co. of America, supra.

The subdivisions of interrogatory 25 as to which the objections are sustained call for the substance of, and copies of (objection to the production of copies of documents on the ground that this may not be accomplished under Rule 33 was specifically waived by counsel for the plaintiff on oral argument) reports and analyses made to the plaintiff or his representatives with respect to certain tars, chemicals and substances allegedly contained in the defendant's cigarettes. No good cause has been shown for the production of such reports for inspection.

Rule 34, Federal Rules of Civil Procedure.

Except as the objections have been specifically sustained, the objections to all other interrogatories are overruled. The court does not pass upon the defendant's notice that the interrogatories shall be deemed continuing, so as to require the plaintiff to supplement, as further information is received, the answers to be given to the interrogatories. This is an order.