DIANA QUINONES, Plaintiff, *v.* VIRGILIO VALENTIN, Defendant.

Supreme Court, Special Term, Kings County, March 1, 1962.

*Raymond Reisler* for defendant. *Sidney Shmukler* for plaintiff.

BENJAMIN BRENNER, J. Defendant moves to strike the action from the calendar and plaintiff moves for preferences, pursuant to rule 151 of the Rules of Civil Practice and rule 9 of the Kings County Supreme Court Rules.

The defendant asserts that he cannot conduct a physical examination because he has been unable to make a preliminary inspection of the hospital records denied him by the hospital authorities because plaintiff has refused to make a written assignment to cover unpaid hospital bills.

Plaintiff has undeniably co-operated and has authorized the inspection, but insists on her right to withhold the assignment. I do not believe that I should compel her to do so; nor may I require the hospital to permit an inspection of its records upon motion pursuant to section 324 of the Civil Practice Act, as the hospital is not a party to the action (*Lipsey* v. *940 St. Nicholas Ave. Corp.,* 12 A D 2d 414; *Matter of Cenci,* 185 Misc. 479). But the defendant may secure the inspection in the course of an examination of the hospital, if special circumstances be shown, pursuant to sections 288 and 296-a of the Civil Practice Act (*Lipsey* v. *940 St. Nicholas Ave. Corp., supra*) and possibly under subdivision 5 of section 189 of the Lien Law. Moreover, the records may be examined by way of subpoena upon trial.

The motion to strike is accordingly denied with leave to the defendant to move for such examination and inspection within 30 days from the date of the order herein, and on condition that

the plaintiff submit to a physical examination within 90 days from the date of the order herein.

The motion for a preference under rule 151 is based on indigence. The facts indicate, however, that the plaintiff had resided with her family, and has been mainly supported by them prior to the accident. There has not been a change in her financial situation which would warrant a preference (*Droster v. Madrid*, 1 A D 2d 835). Settle order as to the above on notice.

The application for a preference under rule 9 is granted and an order to that effect has been signed.