Nicholas M. Pette, J.
The decision of this court dated February 19, 1965, in this action to annul a marriage upon the ground of fraud (Domestic Relations Law, § 140, subd. [e]) is hereby recalled and the following rendered in its stead.
Plaintiff, pursuant to CPLR (art. 31) and section 20 of the Mental Hygiene Law, moves for an order permitting plaintiff to secure a full and complete copy of all medical records pertaining to the hospitalization, care and treatment of defendant Catherine Jansons, now a patient at Creedmoor State Hospital.
The Attorney-General of the State of New York, representing Creedmoor State Hospital, opposes the motion on the ground that the said records, exclusive of the date of commitment, date of admission and date of discharge, are confidential communications, pursuant to the provisions of the Mental Hygiene Law and CPLR 4504, subd (a). (Munser v. State of New York, 41 N. Y. S. 2d 98; Lorde v. Guardian Life Ins. Co., 252 App. Div. 646; Matter of City Council of City of N. Y. v. Goldwater, 284 N. Y. 296; Westphal v. State of New York, 191 Misc. 688; Jaffe v. City of New York, 196 Misc. 710.)
In this case the plaintiff husband seeks to inspect and make copies of the patient’s medical records contrary to the patient’s own interests, in order that he may prospect for evidence to support his case against her.
It appears that the parties herein were married on June 20, 1964, and that since June 24, 1964, less than four days after the marriage, defendant, who had gone beserk, has been a patient at Creedmoor State Hospital.
*796 Plaintiff avers that when defendant married him, unbeknown to him, she was in fact a schizophrenic reaction catatonic type, having been so diagnosed by the Department of Mental Health of the Commonwealth of Massachusetts, in which State she originally made her home.
It appears, that defendant is an infant, 20 years of age. Her answer to the complaint herein, through her special guardian ad litem, who was appointed by Mr. Justice Latham on October 7, 19.64, denies knowledge or information with respect to the pertinent material allegations of the complaint.
Plaintiff contends that it is apparent that when defendant married him, she was in fact a “ lunatic ”, she being on that day on visit from the Danvers State Hospital and under commitment as a diagnosed schizophrenic reaction catatonic type.
Plaintiff avers that it is in the interest now both of the defendant and of the plaintiff that full disclosure of her medical history pertaining to her mental condition be made available, and the OPLR 3121 permits of such disclosure “After commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy ’ ’: that such controversy exists because of the answer of the special guardian ad litem, who has denied any knowledge or information pertaining to his ward’s mental condition.
Section 20 of the Mental Hygiene Law permits an interested person to secure a copy of these records upon the “ consent of the commissioner or an order of a judge of a court of record ”. The granting of such order lies within the provident exercise of the court’s discretion and such discretion depends upon the facts of each case. It seems apparent that no stronger fact pattern than appears in the case at bar suggests the favorable exercise of such discretion.
The burden of proof as to all matters of the complaint put in issue by the denials is upon plaintiff to sustain, by a fair preponderance of the credible evidence. We know that disclosure today is not limited by burden of proof, but the fact that the burden of proof rests with the party seeking disclosure seems to be an additional reason to grant the same.
In what is so obviously a tragic situation, the disclosure of the .subject records is in the interests of justice.
This court, therefore, in the exercise of its provident discretion, is inclined to grant plaintiff’s motion. However, as suggested by the Attorney-General, it is customary to direct that the examination be held at the office of the Attorney-G-eneral upon appointment made with the office of the Attorney-General, *797 and in order to maintain privacy of such records, in the event photostats are required, the Attorney-General’s office will make the arrangements to have the records photostated upon payment of the charges by the moving party; that compliance with this suggestion is hereby directed. Motion granted.