Edward R. Dudley, J.
The Attorney-General of the State of New York moves to compel compliance with subpoenas issued to the four respondents. The subpoenas involved are identical and will be treated as one subpoena.
It is noted that the respondents do not object to supplying the information requested. The technical default alleged by the Attorney-General, if it is to be considered at all as a default, was incurred in a good faith attempt by respondents to collate all the necessary information requested. There is no indication of intentional disregard of the subpoenas and no fine will be imposed (cf. CPLR 2308, subd. [b]).
The respondents at this point merely request the court to direct conditions and guidelines to be followed in the use of the information requested.
The following conditions requested are imposed pursuant to section 73 of the Civil Rights Law. The respondents are entitled to appear with counsel. Evidence .adduced at the private hearings may not be released without express direction of the Attorney-General.
In addition thereto, the documents requested in items 7 and 13 which have already been received by the Attorney-General need not again be produced.
The last and most difficult point involves those portions of items 1, 3, 4 .and 11 which request the names of individual clients referred by or to the respondents or participating doctors. The respondents are abortion referral agencies and the investigation is an attempt by the Attorney-General to uncover alleged fraudulent practices.
The Attorney-General does not present any argument as to the relevance and necessity of discovering the names and addresses of those clients who have obtained abortions through the aid of the abortion agencies.
The Attorney-General is, of course, acting in good faith in conducting the investigation and he deems it to be in the best interest of the residents of the State. However, a good faith investigation does not commission the Attorney-General to embark on a roving course which would .result in generally prying into the private affairs of any person (Dunham v. Ottinger, 243 N. Y. 423, 433, app. dsmd. 276 U. S. 592 ; Carlisle v. Bennett, 268 N. Y. 212, 217).
*745 The court recognizes that the names of those who sought and received abortions are not protected by the umbrella of privilege within the meaning of the statute and judicial interpretation (CPLR 4504 ; Lorde v. Guardian Life Ins. Co., 252 App. Div. 646). However, there is a delicate balance which must be maintained. Those persons who sought abortions approached the respondents in confidence with the intent of maintaining secrecy and avoiding embarrassment. This presents a proper case for the court to interfere and modify a subpoena to protect against an undue infringement upon the rights of private citizens (cf. Matter of Hirshfield v. Craig, 239 N. Y. 98, 110). Their right to privacy should be respected and protected. This is especially true in view of the fact that the fee arrangements under investigation by the Attorney-General will still be capable of full discovery.
The information to be made available in this instance will amply disclose fees paid and their breakdown as to which were administrative and referral fees and which were medical fees. There will be no dearth of information here which will result in the thwarting of the public good and public interest (cf. Matter of Edge Ho Corp., 256 N. Y. 374, 380).
Therefore, the subpoenas are modified to the extent of the conditions imposed in this opinion, especially that of directing deletion of the surnames and addresses of individuals who sought and received abortions. Respondents are directed to comply accordingly.
Settle order.